# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-670V
Filed: March 29, 2016
Not for Publication

```
* * * * * * * * * * * * * * *
LARRY SCOTT PEARCE,                *
                                   *        Attorneys' Fees and Costs;
              Petitioner,          *        Contested; Attorneys' Fees;
                                   *        Number of Attorneys; Attorneys'
v.                                 *        Costs; Home Visit.
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
* * * * * * * * * * * * * * *
```

Ronald C. Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for petitioner.
Alexis B. Babcock, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

**Roth,** Special Master:

On July 29, 2014, Larry Scott Pearce ["petitioner"] filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of receiving the influenza ["flu"] vaccination on September 21, 2011, he suffered a neurological demyelinating injury, specifically transverse myelitis. Petition at 1.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, codified as amended at 44 U.S.C. § 3501 note (2012). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 11, 2015, the parties filed a stipulation as to damages.  A decision awarding compensation in the amount of $360,000.00 was issued on August 11, 2015.  Decision, Aug. 11, 2015.  Judgment was entered on August 18, 2015.

On December 15, 2015, petitioner filed an Application for Attorneys' Fees and Costs ["Application"].  Petitioner requested $27,395.30 in attorneys' fees and $1,339.14 in attorneys' costs.  In a Statement filed in accordance with General Order #9, Petitioner stated that he incurred $350.00 in costs.  Notice, Dec. 15, 2015.  Therefore, the total requested was $29,084.44.

On January 4, 2016, respondent filed her Response to Petitioner's Application for Attorneys' Fees and Costs ["Response"].  Respondent asked for a $2,797.00 reduction in fees for time spent by other attorneys of the Conway, Homer, Chin-Caplan firm as it is duplicative, particularly the time spent by Mr. Homer.  Response at 2-4.  However, respondent does not object to Ms. Daniels' time when she took over for Ms. Ciampolillo, who went out on leave.  *Id.* A request to reduce the costs by $749.49 for the site visit was made as well.  Response at 4-5.

Petitioner filed his Reply on February 16, 2016.  Petitioner filed a supplemental Motion for Attorneys' Fees on February 17, 2016, requesting an additional $1,506.00 in attorneys' fees. The matter is now ripe for review.

## I.  Applicable Law.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). Determining whether an application for fees is reasonable is a matter within the discretion of the presiding special master.  *See Carrington v. Sec'y, HHS,* 85 Fed. Cl. 319, 322-23 (Dec. 10, 2008).  Special masters are afforded considerable discretion when considering motions for attorney fees.  For instance, it is within a special master's discretion to reduce fees *sua sponte,* without warning to petitioners.  *Sabella v. Sec'y, HHS,* 86 Fed. Cl. 201, 208-09 (Mar. 2, 2009).

When considering motions for attorney fees and costs, the Court employs the lodestar method.  *Schueman v. Sec'y, HHS,* No. 04-693V, 2010 WL 3421956 (Fed. Cl. Spec. Mstr. Aug. 11, 2010); *see also Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989) ("The initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.") (internal citations omitted).  That said, a special master is not required to conduct a "line-by-line" analysis of a fee request. *Broekelschen v. Sec'y, HHS*, 102 Fed. Cl. 719, 729 (Oct. 31, 2011).

## II. Discussion.

In response to petitioner's Application for attorneys' fees and costs in the amount of $29,084.44, respondents submits the following two objections:

1.  Inefficiencies and redundancies as a result of a large number of personnel working the case file.

Respondent seeks a reduction of fees in the amount of $2,797.00 for time spent by other attorneys of the firm in this matter, with the exception of Ms. Daniels' time when she took over for Ms. Ciampolillo, who went out on leave.  Response at 2-4.

Firms with multiple attorneys who specialize in the same area of law routinely strategize and consult with one another to gain insight and a fresh perspective of their case.  Such efforts are collaborative rather than duplicative and provide their clients with the best possible representation, provided such collaboration is within reason.  Likewise, firms with multiple attorneys, typically have one partner who provides management over the office.  Mr. Homer appears to serve this function at his firm.

While respondent argues that she fails to see how the involvement of the other attorneys was reasonable and necessary in this case, she admits that the amount of time billed by the other attorneys was "minimal".  Response at 3.  I agree; I view the time as reasonable and see no reason to reduce the attorneys' fees for the time billed.

2.  Attorney time spent to attend a site visit.

Respondent submits that while she "does not object to the time Mr. Homer spent meeting with the client to collect information necessary for a settlement demand, . . . respondent believes that Mr. Homer could have done so via telephone or videoconference."  Response at 4.

Though not *all* cases require in-home visits, in cases where a petitioner has significant injuries and disabilities, the best way to assess those injuries, the person's living conditions, and available support, is to conduct a home visit.  Due to the uniqueness of this Court, in which petitioners' attorneys and their clients may be located in different parts of the country, it is expected that petitioners' attorneys may travel for client meetings, incurring costs for time and expense.  It is understood from other applications for attorney's fees and costs filed by the Conway, Homer, Chin-Caplan firm that Mr. Homer routinely makes these home visits, either alone or accompanied by a life care planner where one is required, and generally does several home visits in a geographic location in order to minimize cost and expense to the program.  These visits have been compensated by the Court in the past.  *See Patel v. Sec'y, HHS*, No. 13-851, 2015 WL 9694641 (Fed. Cl. Spec. Mstr. Dec. 22, 2015); *Perkins v. Sec'y, HHS*, No. 13-739, 2015 WL 6501201 (Fed. Cl. Spec. Mstr. Oct. 6, 2015).

To that end, I have reviewed the time of 20 hours and expense of $749.49 for Mr. Homer's site visit, and deem it to be reasonable.

### III. Total Award Summary.

In light of the foregoing, I find that counsel's request for attorney's fees and costs is reasonable and shall be granted in full.  For the reasons contained herein, **I award**

1. **A lump sum of $30,240.44, in the form of a check payable jointly to petitioner, Larry Scott Pearce, and petitioner's counsel of record, Ron Homer, Esq., representing reimbursement for attorney's fees and costs;**

3

2. **A lump sum of $350.00, in the form of a check payable solely to petitioner, representing reimbursement for petitioner's costs.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>**s/Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).